**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| In re: | ) | |
|     Kelvin Alexis Manora and | ) | Case No:    18-32053 |
|     Felecia LaDonna Grace-Manora | ) | Chapter:    13 |
| | ) | |
| *Debtors*. | ) | |
| | | |
| Felecia LaDonna Grace-Manora, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | AP No: |
| | ) | |
| Regional Finance Corporation of | ) | |
| Alabama, | ) | |
| | ) | |
|     *Defendant*. | ) | |
| | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Felecia LaDonna Grace-Manora, by and through the

undersigned counsel, and presents this complaint for damages and injunctive relief against

Defendant, Regional Finance Corporation of Alabama, and alleges as follows:

### INTRODUCTION

1.      Plaintiff initiates this *Complaint* because of Defendant's intentional and willful violations

of the automatic stay afforded by 11 U.S.C. § 362(a). Defendant, after gaining knowledge of the

Bankruptcy Case, repossessed and/or maintained possession of Plaintiff's vehicle for an

unreasonable period of time and thereby caused Plaintiff to suffer emotional and financial harm.

As of this date, Defendant has not reimbursed or offered to reimburse Plaintiff for said harm.

1

## JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the District Court's *Order of Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this adversary proceeding.  Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

3.      This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b) and 1409.  To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

4.      Plaintiff, Felecia LaDonna Grace-Manora, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case.

5.      Defendant, Regional Finance Corporation of Alabama, is a Domestic Corporation, has a principal place of business in Montgomery County, Alabama and is a creditor in the underlying bankruptcy case.

## FACTUAL ALLEGATIONS

6.      On July 23, 2018, Plaintiff and her husband, Kelvin Alexis Manora ("Kelvin"), filed a joint *Voluntary Petition* and accompanying schedules (collectively, the "Petition") under Chapter 13, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 18-32053 ("Bankruptcy Case").

7.      At the time the Petition was filed, Plaintiff was indebted to Defendant as the result of promissory for which payment was secured by a lien against a 2016 Kia Forte ("Automobile");

Case 18-03067    Doc 1    Filed 08/16/18    Entered 08/16/18 15:15:19    Desc Main
                    Document        Page 2 of 8

accordingly, within *Schedule D* of the Petition, Plaintiff identified Defendant as the holder of a claim in the amount of $17,289.00. Likewise, Plaintiff provided for payments to Defendant within the *Chapter 13 Plan*.

8. The Bankruptcy Noticing Center's ("BNC") *Certificates of Notice* for the *Notice of Chapter 13 Bankruptcy Case* and the *Chapter 13 Plan* reflect that these documents were provided to Defendant via first class mail on July 26, 2018.[1]

9. Notwithstanding, Defendant has engaged in collection activities that are enjoined and prohibited by the automatic stay.

10. On July 23, 2018, Plaintiff, Kelvin and their three (3) minor children arrived in Emerson, Georgia at or near 3:30 p.m. and checked into the Springhill Suites. Kelvin was scheduled to coach at a basketball game at or near that location the following day, i.e. July 24, 2018.

11. At or near 11:08 p.m. on July 23, 2018, Kelvin went to the Automobile and retrieved laundry detergent. Thereafter, Plaintiff and Kelvin remained outside the entrance and/or exit to Springhill Suites conversing for a few minutes before returning to their room.

12. At or near 8:20 a.m. on July 24, 2018, Kelvin went to the parking lot discovered that the Automobile was no long there. Kelvin discussed the absence of the Automobile with the staff at the Front Desk of Springhill Suites, who eventually contacted the local law enforcement authorities.

13. At or near 8:45 a.m. on July 24, 2018, Plaintiff and Kelvin walked across the street to the Enterprise Rental location to obtain a short-term auto rental such that Plaintiff, Kelvin and their three (3) minor children could fulfill their prior commitments for that date; however, due to a

---

[1] On August 2, 2018, Defendant filed *Proof of Claim* number 4 and therein represented entitlement to an indebtedness in the amount $17,289.31 with the same secured by a lien against the Automobile.

certain policy which required the use of a major credit card for deposit and payment, Plaintiff and Kelvin were unable to rent an automobile. Plaintiff and Kelvin walked back across the street to their room at Springhill Suites.

14.     After returning to Springhill Suites, Plaintiff provided the law enforcement officers, who had then arrived, with the information relative to the Automobile.

15.     At or near 9:30 a.m. on July 24, 2018, Plaintiff, Kelvin and their three (3) minor children took a taxi to Lithia Springs, Georgia where they rented an automobile from Avis Rentals.

16.     At or near 9:50 a.m. on July 24, 2018, Plaintiff, Kelvin and their three (3) children left the premises of Avis Rentals and returned to Springhill Suites.

17.     At or near 11:00 a.m. on July 24, 2018, the law enforcement authorities advised that they would review the surveillance footage from Springhill Suites to determine the status of the Automobile. Later that afternoon, the law enforcement officers advised that Defendant repossessed the Automobile at or near 12:00 p.m. on July 23, 2018.

18.     At or near 11:15 a.m. on July 24, 2018, Plaintiff's bankruptcy counsel and/or a staff member thereof called and advised Plaintiff that Defendant had repossessed the Automobile and had agreed to immediately return the same. Plaintiff was advised that All Star Towing was the company that repossessed the Automobile for Defendant.

19.     As set forth herein below, Defendant failed and/or refused to return the Automobile within a reasonable amount of time and/or to instruct its agents to do so.

20.     At or near 4:00 p.m. on July 24, 2018, Plaintiff contacted All Star Towing to obtain possession of the Automobile; however, All Star Towing advised that it could not release the Automobile to Plaintiff since it had not received a release from Defendant.

4

21.     Despite the diligent efforts of Plaintiff, Kelvin and Plaintiff's bankruptcy counsel, Defendant failed and refused to return and/or to cause the return of the Automobile on July 24, 2018.

22.     At or near 8:05 a.m. on July 25, 2018, Plaintiff again contacted All Star Towing to obtain possession of the Automobile; however, as before, All Star Towing advised that, in the absence of a release from Defendant, the Automobile could not be released to Plaintiff.

23.     At or near 9:23 a.m. on July 25, 2018, Plaintiff again contacted All Star Towing to obtain possession of the Automobile and, on this occasion, was advised that the Automobile was located in Fairburn, Georgia and that an appointment was required to obtain the Automobile, with the earliest available appointment being at 10:00 a.m. on July 26, 2018.

24.     Despite the diligent efforts of Plaintiff, Kelvin and Plaintiff's bankruptcy counsel, Defendant failed and refused to return and/or to cause the return of the Automobile on July 25, 2018.

25.     At or near 8:00 a.m. on July 26, 2018, Plaintiff contacted Avis Rentals to extend the lease contract until noon on said date to allow for the appointment with All Star Towing at 10:00 a.m.

26.     Plaintiff, Kelvin and their three (3) minor children arrived at All Star Towing's location around 10:00 a.m. a scheduled.

27.     At or near 11:19 a.m., All Star Towing released possession of the Automobile to Plaintiff; however, before doing so, it demanded and required that Plaintiff sign an electronic document.  All Star Towing failed and/or refused to provide Plaintiff with a copy of the electronic document.

28.     Upon entering the Automobile, Plaintiff discovered that her personal belongings had been placed into a single duffle-type bag, the license plate had been removed from the Automobile,

$30.00 had been taken from the Automobile, and a set of headphones belonging to her minor children, which were purchased for approximately $200.00, had been broken and damages.

29.     Plaintiff was caused to incur an additional and unnecessary expense of $540.27 related to the lease with Avis Rentals.  Ex. A.

30.     Plaintiff and her family were caused to suffer hardship and inconvenience with procuring alternate transportation.

31.     Defendant has not, as of this date, reimbursed or offered to reimburse Plaintiff for the economic harm she has sustained.

32.     Defendant had an affirmative duty to promptly return or cause the return of the Automobile to Plaintiff, with said duty triggered the moment Defendant obtained knowledge of the Bankruptcy Case; however, Defendant intentionally and willfully failed to accommodate said duty.

33.     Defendant's violations of the automatic stay are and were intentional and willful in that Defendant committed such acts after notice of the Bankruptcy Case; because of Defendant's intentional and willful violations of the automatic stay, Plaintiff has been forced to retain counsel in this matter.

34.     Because of Defendant's intentional and willful violations of the automatic stay, Plaintiff reasonably believes that the intervention of this Honorable Court is necessary to redress these violations.

35.     Defendant's conduct, in its entirety, rises to the level of willfulness and has interfered with the purposes of the Bankruptcy Code.

36.     As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and

6

injured in that she has suffered anger, anxiety, distress, fear, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT I
## WILLFUL VIOLATIONS OF 11 U.S.C. §§ 362(a)(3), (4), (5) and 96)

37. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

38. Defendant violated 11 U.S.C. §§ 362(a)(3), (4), (5) and (6) as more so identified herein above.[2] Specifically, after gaining knowledge of the Bankruptcy Case, Defendant failed and/or refused to return or cause the return of the Automobile to Plaintiff with said failure and/or refusal continuing for an unreasonable and extended period of time.[3]

39. Defendant's acts or omissions to act, as described herein above, which Defendant undertook with knowledge of the Bankruptcy Case, constitute intentional and willful violations of the automatic stay.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

---

[2] **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
  …
  (**3**) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
  (**4**) any act to create, perfect, or enforce any lien against property of the estate;
  (**5**) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
  (**6**) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
  …

See 11 U.S.C. § 362(a).

[3] Plaintiff is not taking the position that the act of repossessing the Automobile constitutes a willful violation of the automatic stay based upon the temporal proximity of the filing of the Bankruptcy Case to the provision of notice by the Bankruptcy Noticing Center. Plaintiff takes the position that Defendant's failure to promptly return or cause the return of the Automobile constitutes a willful violation of the automatic stay. Plaintiff reserves the right to amend her *Complaint* should information be discovered to establish that Defendant had knowledge of the Bankruptcy Case prior to the complained of repossession.

## PRAYER FOR RELIEF

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable

Court for an Order, *inter alia*:

    a.    declaring that Defendant has violated the aforementioned automatic stay

        provision(s) of 11 U.S.C. § 362(a);

    b.    awarding to Plaintiff and against Defendant actual, compensatory and punitive

        damages for Defendant's violations of the aforesaid automatic stay provisions of

        11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(k);

    c.    awarding to Plaintiff and against Defendant the fees, costs and expenses of this

        litigation, pursuant to 11 U.S.C. § 362(k); and

    d.    awarding such other and further relief as this Honorable Court deems just and

        appropriate, including the equitable relief requested herein.

**RESPECTFULLY SUBMITTED** this the August 16, 2018.

/s/ Anthony B. Bush
Anthony B. Bush (ASB-7306-A54B)
Attorney for Plaintiff/Debtor

**OF COUNSEL:**
Anthony B. Bush, Esq.
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone:      (334) 263-7733
Facsimile:   (334) 832-4390
E-mail:     anthonybbush@yahoo.com
            abush@bushlegalfirm.com


SERVICE ADDRESS:
Regional Finance Corporation of Alabama
c/o the Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109